## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

Maria Velasquez,                              )
                                              )
      Plaintiff,                          )
                                              )
v.                                            )
                                              )  Civil Action No.
El Nopalito Mexican Grill, Inc.;              )
Jessica Guzman, *individually;*               )  3:22cv102-MPM-RP
and Sergio Guzman, *individually*             )
                                              )
      Defendants.                         )

## VERIFIED COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** Plaintiff Maria Velasquez (hereinafter, "Plaintiff" or "Ms. Velasquez"), by and through counsel, and for her Complaint against Defendants El Nopalito Mexican Grill, Inc., Sergio Guzman and Jessica Guzman (hereinafter, collectively "Defendants") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff brings this action against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of FLSA, 29 U.S.C. § 201, *et seq.*

4. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; overtime

compensation for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Maria Velasquez is an adult resident of Potts Camp, Mississippi.

6. Upon information and belief, Defendant Sergio Guzman is an adult resident of Pontotoc, Mississippi.

7. Upon information and belief, Defendant Jessica Guzman is an adult resident of Pontotoc, Mississippi.

8. Defendant El Nopalito Mexican Grill, Inc. is a Mississippi-based corporation and may be reached for service through its registered agent, John Max Edwards, Esq., 50 Liberty Street, Pontotoc, Mississippi, 38863.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

10. Defendant El Nopalito Mexican Grill, Inc. is a legal entity incorporated in the State of Mississippi, is subject to service of process in Mississippi, and does business in the state of Mississippi. Therefore, this Court has personal jurisdiction over Defendant El Nopalito Mexican Grill, Inc.

11. Defendant Sergio Guzman is a resident of Mississippi and, consequently, this Court has personal jurisdiction over him.

12. Defendant Jessica Guzman is a resident of Mississippi and, consequently, this Court has personal jurisdiction over her.

2

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

14. Upon information and belief, Defendants Jessica Guzman and Sergio Guzman jointly own and operate a Holly Springs, Mississippi, restaurant under the name El Nopalito Mexican Grill, Inc.

15. On or about June 1, 2019, Defendants hired Plaintiff Maria Velasquez to work as a server at the El Nopalito Mexican Grill.

16. For the duration of Ms. Velasquez' employment, she worked an average of sixty-three hours per week.

17. For the duration of her employment, Defendants paid Ms. Velasquez exclusively by daily cash payout of tips earned without any paycheck for her hourly wages and without any deductions.

18. For the duration of her employment, Defendants did not pay Ms. Velasquez an hourly wage.

19. For the duration of her employment, Defendants failed to pay Ms. Velasquez the federal minimum hourly wage of $7.25.

20. Despite their failure to properly pay or make deductions from Ms. Velasquez's, Defendants entered pay and withholding information into a Form W-2 Wage and Tax Statement with the Internal Revenue Service as though they had done so.

21. Although she regularly worked more than forty hours each workweek, Defendants never paid Ms. Velasquez overtime premiums for overtime hours worked.

3

Doc ID: 2c5c7fe3d176361ae20413ab63c2dd54637f13a5

22. Ms. Velasquez continued working for Defendants as a server until March 2021.

23. Ms. Velasquez later returned to work for Defendant from December 2021 until May 8, 2022.

## COUNT I—VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Ms. Velasquez realleges and incorporates all allegations above as if actually set forth herein.

25. At all relevant times, Defendant El Nopalito Mexican Grill, Inc. was an "employer" engaged in interstate "commerce" consistent with the definitions of the FLSA, 29 U.S.C. § 203(s).

26. At all relevant times, Defendants Sergio Guzman and Jessica Guzman were "employers" consistent with the definitions of the FLSA, 29 U.S.C. §203(d).

27. At all relevant times, Defendants "employed" Ms. Velasquez within the meaning of the FLSA, 29 U.S.C. § 203(g).

28. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of no less than the standard minimum hourly wage, $7.25. *See* 29 U.S.C. §206(a).

29. The FLSA makes a "tip wage credit" exception to the minimum wage requirement for certain types of "tipped employees." Pursuant to the "tip wage credit" exception, employers may pay "tipped employees" as little as $2.13 per hour, depending on the amount of tip credit claimed. *See* 29 U.S.C. § 203(m)(2)(A)-(B).

30. An employer can only apply the "tip wage credit" exception when it has "informed its tipped employees in advance of the employer's use of the tip credit." *See* 29 C.F.R. § 531.59.

31. Defendants never provided Ms. Velasquez with any information about their use of tip

4

credits.

32. Accordingly, because Defendants did not inform Ms. Velasquez about any "tip wage credit", Ms. Velasquez could not be subject to the "tip wage credit" exception and was, therefore, entitled to a minimum wage of $7.25 per hour.

33. Throughout her employment, Defendants never paid Ms. Velasquez an hourly wage.

34. Consequently, Defendants never paid Ms. Velasquez the standard minimum wage of $7.25.

35. Defendants failure to pay Ms. Velasquez the standard minimum hourly wage is in violation of the FLSA, 29 U.S.C. §206(a).

36. The FLSA also requires each covered employer, including Defendants, to compensate all non-exempt employees no less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

37. At all relevant times, Ms. Velazquez was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

38. For the duration of her employment with Defendants, Ms. Velasquez regularly worked twenty-three hours of overtime each week.

39. Throughout her employment, Defendants never paid Ms. Velasquez an hourly wage.

40. Consequently, Defendants never paid Ms. Velasquez an overtime premium or no less than one and one-half the regular rate of pay for her hours worked over forty in a work week.

41. For the duration of her employment, Defendants willfully failed and refused to pay Ms. Velasquez appropriate overtime compensation for all hours worked over forty in any given workweek.

42. As a result of Defendants' failure to compensate Ms. Velasquez at a rate of not less

5

Doc ID: 2c5c7fe3d176361ae20413ab63c2dd54637f13a5

than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

43. Defendants were aware of their wage and witholding obligations, as demonstrated by the false information they input into Ms. Velasquez's W-2 Form.

44. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maria Velasquez prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

6

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Respectfully submitted,

_s/John B. Turner Jr., Esq._
Alan G. Crone, TN Bar No. 014285
Jack Turner, MS Bar No. 101314
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
jturner@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

I, **Maria Velasquez**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

Maria Velasquez

**Maria Velasquez**

Date: 06 / 03 / 2022

8

Doc ID: 2c5c7fe3d176361ae20413ab63c2dd54637f13a5